**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

2/9/15

**DORIAN E. RAMIREZ, CLERK**
**BY** dtello

ACCEPTED
13-13-00717-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/9/2015 10:33:31 PM
DORIAN RAMIREZ
CLERK

CASE NO. 13-13-00717-CV

IN THE COURT OF APPEALS FOR THE
THIRTEENTH JUDICIAL DISTRICT OF TEXAS
AT CORPUS CHRISTI–EDINBURG, TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
2/9/2015 10:33:31 PM
DORIAN E. RAMIREZ
Clerk

DOUGLAS MICHAEL BULTHUIS,

Appellant

vs.

JOSE JUAN (J.J.) AVILA,

Appellee

APPEAL FROM CAUSE NUMBER C-620-07-G
370th JUDICIAL DISTRICT COURT, HIDALGO COUNTY, TEXAS
JUDGE NOE GONZALEZ, PRESIDING

**APPELLANT'S REPLY BRIEF**

Ronald G. Hole
State Bar No. 09834200

HOLE & ALVAREZ, L.L.P.
612 W. Nolana Loop, Ste 370
P.O. Box 720547
McAllen, Texas 78504
Telephone:       (956) 631-2891
Telecopier:      (956) 631-2415
E-Mail:   Mail@HoleAlvarez.com

ORAL ARGUMENT REQUESTED                    February 9, 2015

CASE NO. 13-13-00717-CV

IN THE COURT OF APPEALS FOR THE
THIRTEENTH JUDICIAL DISTRICT OF TEXAS
AT CORPUS CHRISTI–EDINBURG, TEXAS

DOUGLAS MICHAEL BULTHUIS,

Appellant

vs.

JOSE JUAN (J.J.) AVILA,

Appellee

APPEAL FROM CAUSE NUMBER C-620-07-G
370th JUDICIAL DISTRICT COURT, HIDALGO COUNTY, TEXAS
JUDGE NOE GONZALEZ, PRESIDING

**APPELLANT'S REPLY BRIEF**

Ronald G. Hole
State Bar No. 09834200

HOLE & ALVAREZ, L.L.P.
612 W. Nolana Loop, Ste 370
P.O. Box 720547
McAllen, Texas 78504
Telephone:        (956) 631-2891
Telecopier:       (956) 631-2415
E-Mail:      Mail@HoleAlvarez.com

# TABLE OF CONTENTS

Page

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Summary of Reply. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Reply.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    Appellant Did Not Bring Forth a Partial Record.. . . . . . . . . . . . 2

      B.    Appellee Apparently Concedes That it was Improper for Trial Court to Consider Only a Partial Record.. . . . . . . . . . . . 3

      C.    Conclusions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# INDEX OF AUTHORITIES

**Cases:**                                                                    **Page**

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005). . . . . . . . . . . . . . . . . 4

*Tanner v. Nationwide Mut. Fire Ins. Co.*,
289 S.W.3d 828 (Tex. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

*Tiller v. McLure*, 121 S.W.3d 709 (Tex. 2003). . . . . . . . . . . . . . . . . . . . . . 4

## Rules & Statutes

Rule 38.3 of the Texas Rules of Appellate Procedure. . . . . . . . . . . . . . . . . 1

CASE NO. 13-13-00717-CV

IN THE COURT OF APPEALS FOR THE
THIRTEENTH JUDICIAL DISTRICT OF TEXAS
AT CORPUS CHRISTI–EDINBURG, TEXAS

DOUGLAS MICHAEL BULTHUIS,

Appellant

vs.

JOSE JUAN (J.J.) AVILA,

Appellee

APPEAL FROM CAUSE NUMBER C-620-07-G
370th JUDICIAL DISTRICT COURT, HIDALGO COUNTY, TEXAS
JUDGE NOE GONZALEZ, PRESIDING

## APPELLANT'S REPLY BRIEF

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW DOUGLAS MICHAEL BULTHUIS, Appellant in the above-entitled and numbered cause, and pursuant to Rule 38.3 of the Texas Rules of Appellate Procedure, files this his Reply Brief, and for such brief would respectfully show unto this Honorable Court as follows:

# I.

## SUMMARY OF REPLY

The issue before this Court is simple.  Can a trial court set aside a jury's verdict, and render a judgment notwithstanding the verdict, based upon "a tiny fraction of the record" or "a mere fraction of the testimony from this multi-day trial?"  The short answer is: no.

# II.

## REPLY

### A.    Appellant Did Not Bring Forth a Partial Record

Although Appellee asserts that Appellant brought forth a partial reporter's record, such is not the case.  This is not an appeal of a final judgment that incorporates the findings of the jury in its verdict.  This is an appeal of a trial judge, based upon a very limited amount of trial testimony, rendering a judgment that Appellant only recover $10.00.  This case is more akin to a summary judgment, where an appeal is based upon the summary judgment evidence, and the arguments of counsel are irrelevant to whether the trial court was correct in its ruling, based upon the summary judgment evidence.

In the instant case, as noted in Appellant's Brief, the trial court's ruling was **not** based upon the entire record, instead it was

> [b]ased upon the Court's consideration of the verdict *and the post-verdict briefing, exhibits, and arguments submitted by the parties . . . .*

(Emphasis added) C.R. p. 54. As such, the only relevant record to bring forth would be the verdict and the record that was reviewed by the trial court in making its determination that Appellant only recover $10.00. This Appellant did. Any additional materials would not be relevant to the appeal*.*

## B. Appellee Apparently Concedes That it was Improper for Trial Court to Consider Only a Partial Record

Appellee admits that "a mere 20 pages of hundreds of pages of [Bulthuis'] testimony recorded at trial . . ." were presented to the trial court by Appellee as exhibits to post-judgment motions and briefing. Appellee's Brief, p. 2. These are the same exhibits and briefing that the trial court relied upon, when it set aside the jury's verdict.[1] Appellee also notes, in numerous places in his brief, that "a mere fraction of the testimony from this multi-day trial . . . " (Appellee's Brief, p. 2); "a tiny fraction of the record – a mere 20 or so pages

---

[1]. The trial court's order indicates that, other than exhibits and briefing, the only other influence on the trial judge in making his decision, was "arguments" of counsel. C.R. p. 54. Obviously, a motion for judgment notwithstanding the verdict should be based upon the record of the evidence, not arguments of counsel.

of Bulthuis's hundreds of pages of testimony" (Appellee's Brief, p. 7); a small part of the evidence presented at trial (*Id.)*; not having "the benefit of a complete record of the trial testimony and evidence in this matter" (Appellee's Brief, p. 12); and "exhibits attached to Avilia's JNOV motion [consisting] simply of excerpts of trial testimony offered to highlight arguments in the motion" (Appellee's Brief, p. 16); would **not** be sufficient for this Court (or even the trial court) to review in order to determine if there was legally sufficient evidence to support the jury's verdict. Appellee's Brief, pp. 2, 7, 12 and 16.

Appellee correctly sets out the requirement for a judgment notwithstanding the verdict. In reviewing a JNOV, a trial court should conduct a legal sufficiency analysis of the evidence—the same test a court would apply to a no-evidence challenge. See *Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009); *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). In applying the no-evidence standard, courts consider the evidence in the light most favorable to the jury's verdict and indulge every reasonable inference that would support it. *City of Keller*, 168 S.W.3d at 822; *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003). Courts will credit favorable evidence only if a reasonable juror could, and will disregard contrary evidence

unless a reasonable juror could not. *Tanner*, 289 S.W.3d at 830. Appellee's Brief, p. 13.

Accordingly, Appellant and Appellee agree that neither the trial court nor an appellate court should review only a small portion of the record in connection with a JNOV. However, that is exactly what the trial court did, as can be seen from the final judgment that the trial court (or Appellee's counsel) drafted and ultimately signed. The appellate record, on the other hand, brings forth everything to this Court that the trial court reviewed in making its decision to grant a JNOV. That is all that is necessary, and appropriate, as matters not considered by the trial court would be irrelevant to the propriety of granting the judgment notwithstanding the verdict.

## C.   Conclusions

A complete appellate record, for the alleged errors of the trial court, was brought forward. The trial court failed to consider the entire record of the case (which was heard some 16 months earlier), and erroneously based its JNOV decision on a very limited, tiny fraction, of the record. This was error.

**III**.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant DOUGLAS MICHAEL BULTHUIS prays that this Court remand this case to the trial court with instructions that Appellant recover of and from Appellee Jose Juan (J.J.) Avila the amount awarded in the jury's verdict, together with prejudgement interest, costs of Court and that this Court grant Appellant such other and further relief to which he may be justly entitled.

Respectfully submitted,

HOLE & ALVAREZ, L.L.P.
P. O. Box 720547
McAllen, Texas 78504
Telephone No.: (956) 631-2891
Telecopier No.: (956) 631-2415
E-Mail: Mail@HoleAlvarez.com

By: /s/ Ronald G. Hole
Ronald G. Hole
State Bar No. 09834200
**ATTORNEYS FOR APPELLANT**

# CERTIFICATE OF COMPLIANCE

In compliance with Tex.R.App.P. 9.4(i)(3), I, Ronald G. Hole, hereby certify that this Appellant's Reply Brief, excluding the sections to be excluded, contains 936 words. I have relied on the word count of the computer program used to prepare this document, WordPerfect X3®

/s/ Ronald G. Hole
Ronald G. Hole

# CERTIFICATE OF SERVICE

I, Ronald G. Hole, hereby certify that a true and correct copy of the above Appellant's Reply Brief has, on this the **9th** day of **February 2015**, been served via **electronic transfer through an online filing service,** to the following counsel of record:

*Attorneys for Appellee Juan Jose (J.J.) Avila*
Mr. R. Russell Hollenbeck
Mr. Andrew C. Nelson
Wright & Close, LLP
One Riverway, Suite 2200
Houston, Texas 77056
**E-Mail: hollenbeck@wrightclose.com**
**E-Mail: nelson@wrigthclose.com**

Mr. Francisco Rene Villarreal
Garcia & Villarreal, L.L.P.
4311 North McColl Road
McAllen, Texas 78502
**E-Mail: panchov@gvlaw.net**

Mr. Juan "Sonny" Palacios
Palacios & Love
2720 West Canton, Suite B
Edinburg, Texas 78539
**E-Mail: palacioslove@sbcglobal.net**

/s/ Ronald G. Hole
Ronald G. Hole

BCC:Avi-BUL\APP